UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

CASE NO.: _____

FRANCOIS ALEXANDRE
        Plaintiff,

vs.

CITY OF MIAMI, JOSUE HERRERA,
 JAVIER ORTIZ, RUBEN ROJAS, MAGDIEL
PEREZ, FIVE UNIDENTIFIED CITY OF MIAMI POLICE
 OFFICERS AND CHIEF OF POLICE
 RODOLFO LLANES

        Defendants.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, FRANCOIS ALEXANDRE, sues Defendants CITY OF MIAMI,

MIAMI POLICE OFFICERS JOSUE HERRERA, MAGDIEL PEREZ, JAVIER ORTIZ,

RUBEN ROJAS, FIVE UNIDENTIFIED CITY OF MIAMI POLICE OFFICERS  and Chief

of Police RODOLFO LLANES for compensatory and punitive damages and states as

follows:

### Jurisdiction

1)     This is an action pursuant to Title 42 U.S.C. § 1983 for violation of

Plaintiff's constitutional rights and privileges by the Defendants who were acting under

color of Florida Law at all times material hereto, for false arrest, for battery and violation

of Plaintiff's right to free speech and to peaceably assemble.

2)     This Court has original jurisdiction over the parties in and for count 1, the

violation of civil rights claim for false arrest, Count 2, violation of civil rights claim re:

excessive force and in Count 3, violation of Plaintiff's right to free speech and to

peaceably assemble. It has pendant jurisdiction over counts 4 and 5 since these counts are related to and arise out of the same fact pattern as Counts 1, 2 and 3.

## General Allegations, the Parties and Venue

3)    Plaintiff has retained the services of the undersigned law firm and agreed to pay a reasonable fee therefore.

4)    All conditions precedent to both this action and the right to collect attorney's fees have occurred, been waived, or rendered impossible of performance by Defendants, their agents or representatives.

5)    Plaintiff, a citizen and resident of Miami-Dade County, Florida and the United States of America, did not consent to the violation of his civil rights, including his right to peaceably assemble and to free speech, to be free from illegal seizure, to be secure in his person and to be free from physical attack and the use of unreasonable force.

6)    Plaintiff was wrongfully attacked and arrested in Miami, Miami-Dade County, in the Southern District of Florida on June 21, 2013.

7)    Defendant Officer Josue Herrera, at all times material hereto, was an employee of Defendant City of Miami Police Department located in Miami-Dade County, Florida.

8)    Defendant Officer Javier Ortiz, at all times material hereto, was an employee of Defendant City of Miami Police Department located in Miami-Dade County, Florida.

10)    Defendant Officer Ruben Rojas, at all times material hereto, was an employee of Defendant City of Miami Police Department located in Miami-Dade County, Florida.

11)     Defendant Officer Magdiel Perez, at all times material hereto, was an employee of Defendant City of Miami Police Department located in Miami-Dade County, Florida.

12)     Each of the five (5) unidentified Police officers who attacked Plaintiff, all defendants herein, were,  at all times material hereto, employees of Defendant City Of Miami Police Department located in Miami-Dade County, Florida.

13)     Defendant City Of Miami is a Political Subdivision of the State of Florida located in Miami-Dade County, Florida.

14)      All Defendant Officers, named or unidentified, were acting within the course and scope of their  employment, or acting on behalf of and for the benefit of Defendant City of Miami at all times material hereto.

15)     All Defendant Officers, named or unidentified, at all times material hereto, were acting in bad faith or with malicious purpose, or in a manner exhibiting wanton and willful disregard for human rights, safety or property.

## **FACTUAL ALLEGATIONS,**

16)      Plaintiff was lawfully walking on and around the public streets and sidewalks adjacent to the apartment building where he was living in downtown Miami during the early morning hours of June 21, 2013.

17)     There were approximately 20 people in the area, all of whom were peaceably celebrating the stirring 2013 Miami Heat NBA world championship which was won at the American Airlines Arena a few blocks away on the night in question. No traffic was being blocked. No property or people were being threatened.

18)     Defendant City of Miami had numerous police officers, including the individual defendants, named and unidentified, on duty in the area.

19)     Plaintiff was celebrating the victory, with others, when the individual defendants and other officers began shouting and ordering everyone to clear the street, telling them to get onto the sidewalks on either side of the street.

20)     A group of approximately eight (8) officers, dressed as bicycle patrol officers and carrying bicycles held across their respective chests as shields, arranged themselves so that they completely blocked the street and sidewalks from one building wall to the other. The officers began marching down the street and sidewalks in unison forming a shield wall with their bicycles which they used force Plaintiff and others backwards. Plaintiff alleges upon information and belief that all or some of the Defendants herein were among this group of officers.

21).    Plaintiff objected to the police conduct, explaining that he, as a taxpayer, had rights

22)     Plaintiff and the other civilians were peacefully backing up in response to the police force when the police knocked a woman down who had been standing  next to Plaintiff, at which time he began to loudly berate the police for their uncalled for violence.

23)     Suddenly and without provocation an officer ran at Plaintiff and violently tackled him by "clotheslining" him with an arm around his throat. Plaintiff, taken completely unawares, was violently thrown down and dragged by his neck into an alcove formed by a doorway and entrance into his apartment building. The alcove effectively trapped Plaintiff, so that he was easy to pin down and restrain, and kept him, and the beating he sustained, shielded from view.

24)     Five defendant Miami officers, some of whom may be named and some of whom may be unidentified,   then jumped onto Plaintiff, who was laying face down

virtually motionless. Plaintiff, in a very calm voice, explained that he was not "doing anything."  Nevertheless the defendants kept beating Plaintiff.

25)    Another Defendant officer ran up, extending his metal baton in preparation for joining in the beating. Luckily for Plaintiff, that officer was unable to strike Plaintiff with the baton because Plaintiff was totally buried by officers who were inadvertently shielding Plaintiff from being struck with the baton.   The beating continued for over two minutes while Plaintiff calmly pointed out that he was not resisting.

26)    Plaintiff was roughly handcuffed while helpless and face down. As Plaintiff was manhandled to his feet and forcefully moved to a waiting police car one of the defendant officers who participated in the beating was taunting Plaintiff in retaliation for Plaintiff's exercise of his right to free speech, mocking Plaintiff for his statements about his rights as a taxpayer, his right to be present on the sidewalk and the fact that the blood on Plaintiff's face from the beating looked like lipstick, equating Plaintiff to a girl, coward or weakling.

27)    Plaintiff was taken to the City Of Miami Police Station for transport for processing to Turner-Guilford Knight, (TGK), a jail. However Plaintiff was so severely beaten that the transporting officer refused to take Plaintiff to TGK as requested but instead took him to Jackson Memorial Hospital for medical attention. From there Plaintiff was taken to Bascom-Palmer eye hospital due to the severity of his injuries, which included a fractured orbital bone in his left eye socket.

28)    Defendant City of Miami, upon information and belief, trains its officers to line up in formation with their bicycles and form a "human wall" in such fashion as alleged herein as a means of crowd control. Alternatively Defendant City of Miami knew or should have known that its officers would act in such fashion. Further the use of such

a formation is solely to forcibly move people which actions served only to unnecessarily inflame people.

29)     Plaintiff was never unruly nor did he incite the crowd to unlawful action. No one was violent or out of hand before or after the police attack on Plaintiff. No property was in danger of being destroyed or vandalized.

30)     Defendant Magdiel Perez, in concert with  co-defendant officers, thereafter falsely and maliciously misrepresented the facts surrounding the Plaintiff's arrest in the arrest affidavit (commonly known as a police report) prepared in an attempt to justify and cover up Plaintiff's savage beating and subsequent false arrest.

31)     Plaintiff was arrested and charged with incitement to riot, a third degree felony carrying a maximum penalty of five (5) years in state prison and resisting an officer without violence, a first degree misdemeanor, carrying a maximum penalty of one (1) year in county jail.

32)     The State Attorney's Office declined to file either charge for which Plaintiff was arrested, noting in its close out memo that there was insufficient evidence for either charge,  despite the false arrest affidavit.

33)     All individual Defendants,  save for Defendant LLanes, acted with evil intent or motive and with a reckless and callous indifference to Plaintiff's 4th and 1st Amendment rights as set forth herein, when all Defendants savagely and without cause beat Plaintiff and then engaged in a calculated scheme of lies to cover and excuse their conduct.

34)     Plaintiff sustained physical, mental and emotional injury as well as economic loss as a result of the numerous violations of his civil rights, the attack upon him, and the subsequent false arrest and detention.

Alexandre  v. City of Miami, et. al.
Complaint
Page 7 of 14

**Demand For Jury Trial**

35)     Plaintiff hereby demands trial by jury of all counts alleged herein.

**Count I**
**Violation of Constitutional or Civil Rights**
**Unlawful Arrest**

36)     Plaintiff repeats and re-alleges Paragraphs 1 through 34 as if set forth

herein.

37)     All individual Defendants, whether named or unidentified, employed by the

City of Miami Police Department and acting under color of State law, unlawfully arrested

Plaintiff as there was no probable cause or arguable probable cause to arrest Plaintiff

for any offense.

38)     All individual Defendants, whether named or unknown, knew or should

have known that the  arrest of Plaintiff under the circumstances outlined herein was in

violation of his constitutional rights and was otherwise illegal because Plaintiff's arrest

was unsupported by arguable probable cause.

39)     The arrest of Plaintiff under the circumstances outlined herein violated

Plaintiff's clearly established Constitutional Rights as guaranteed by the Constitution,

and the First and Fourth Amendments to the United States Constitution as made

applicable to the states via the 14th Amendment.

40)     There was no warrant issued for Plaintiff's arrest nor was Plaintiff ever

informed of the alleged grounds for his arrest prior to his receipt of the arrest affidavit.

41)     The workplace culture and day to day operation of the City of Miami Police

Department, as tolerated and allowed by the command structure, approved and

encouraged the illegal and dangerous behavior of its officers, including all individual

Defendants as alleged herein, to violently and viciously attack Plaintiff under the guise

of crowd control, without regard for recognized legal standards or the constitutional rights of Plaintiff herein.

42)      Plaintiff was damaged as a result of being falsely arrested in violation of his Constitutional Rights including but not limited to his unlawful seizure, subsequent detention, loss of income, and expenses incurred as a result of his arrest, including expenses of bond and attorney's fees, medical care, damage to his reputation, physical injury, and mental and emotional pain and suffering.

WHEREFORE Plaintiff demands judgment against all individual Defendants for monetary damages including attorney's fees incurred herein, costs, medical bills, pain and suffering, mental and emotional damage, for punitive damages, and for such other and further relief as is determined to be just and proper.

## Count 2
## Violation of Constitutional or Civil Rights
## Excessive Force

43)      Plaintiff repeats and re-alleges Paragraphs 1 through 34 as if set forth herein.

44)      All individual Defendants, whether named or unknown, employed by the City of Miami Police Department and acting under color of State law, used excessive and unreasonable force before, during and after arresting Plaintiff, whether the arrest was lawful or not.

45)      Plaintiff was damaged as a result of being the victim of excessive and unreasonable force in violation of his Constitutional Rights including but not limited to his loss of income, expenses for medical care, damage to his reputation, physical injury, and mental and emotional pain and suffering.

WHEREFORE Plaintiff demands judgment against all individual Defendants for monetary damages including attorney's fees incurred herein, costs, punitive damages and for such other and further relief as is determined to be just and proper.

### Count 3
### Violation of Constitutional or Civil Rights
### Right to Peaceably Assemble

46)     Plaintiff repeats and re-alleges Paragraphs 1 through 34 as if set forth herein.

47)     Plaintiff, at all times material hereto, was exercising his right to peaceably assemble and to free speech as protected by the First Amendment as made applicable to the States by the Fourteenth Amendment.

48)      All individual Defendants, whether named or unidentified and other City of Miami police officers, acting under color of State law, violated Plaintiff's right to peaceably assemble by illegally and brutally  silencing Plaintiff and then arresting him on trumped up charges.

49)     The Defendant police officers forcefully silenced Plaintiff when they physically attacked him thereby adversely affecting his protected speech and right to assemble.

50)     The unlawful attack on Plaintiff by Defendant officers, as was clear by the officer's taunting comments after the attack, was in retaliation for Plaintiff exercising his right to free speech and to assemble, and for daring to criticize the police actions in public.

51)     The unlawful attack on Plaintiff by Defendant Officers forced Plaintiff to stop speaking thereby preventing Plaintiff from exercising his right to free speech.

52)     Plaintiff was damaged as a result of the violation of his protected right to peacefully assemble and to freedom of speech when he was unlawfully beaten, seized and detained, incurring a loss of income, expenses incurred as a result of his arrest, including expenses of bond and attorney's fees, medical care, damage to his reputation, physical injury, and mental and emotional pain and suffering.

WHEREFORE Plaintiff demands judgment against all individual Defendants for monetary damages including attorney's fees incurred herein, costs, for punitive damages and for such other and further relief as is determined to be just and proper.

## Count 4
## Claim Against City

53)     Plaintiff repeats and re-alleges Paragraphs 1 through 34 as if set forth herein.

54)     At all times material hereto, all individual Defendants, whether named or unidentified, and the other City of Miami officers on scene even if they did not participant in the beating were acting under the direction and control of Defendants Rodolfo Llanes  and Defendant City of Miami.

55)     Acting under color of law and pursuant to official policy or custom Defendants Llanes and City of Miami knowingly, recklessly, or with deliberate indifference and callous disregard for Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis the Defendant Police officers in their duties, including the Officers' duty to refrain from:

a. unlawfully and maliciously harassing Plaintiff (and others) who was acting in accord with his constitutional and statutory rights, privileges, and immunities at all times material hereto;

b. unlawfully and maliciously arresting, imprisoning and initiating baseless charges against Plaintiff who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

c. unlawfully and maliciously beating Plaintiff or otherwise using unreasonable and excessive force before, during or after arresting Plaintiff  whether said arrest was lawful or not;

d. unlawfully, maliciously and forcefully silencing Plaintiff while he was publicly speaking and otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

56)    Defendants Chief of Police Rodolfo Llanes and City of Miami knew or should have known, had they properly and timely exercised their supervisory and training responsibilities, that all Defendant Officers and the other officers were substantially likely to deprive Plaintiff of his constitutional and statutory rights and further that said officers were going to assault and batter Plaintiff while doing so.  Defendants Llanes   and City of Miami had the power to prevent or aid in the prevention of the Officers' wrongful actions and could have done so by the exercise of reasonable diligence but knowingly, recklessly or with deliberate indifference and callous disregard of Plaintiff's rights, failed or refused to do so.

57)    Defendants Llanes and City of Miami directly or indirectly, under color of law, approved, ratified or tolerated the unlawful, deliberate, malicious and reckless conduct of Defendant Officers and the other Officers as previously alleged herein.

58)    Plaintiff was damaged as a result of the actions and inactions of Defendants Llanes  and City of Miami as alleged herein including but not limited to his unlawful seizure, subsequent detention, loss of income, and expenses incurred as a

result of his arrest, including expenses of bond and attorney's fees, medical care, damage to his reputation, physical injury, and mental and emotional pain and suffering.

WHEREFORE Plaintiff demands judgment against Defendant City of Miami for monetary damages including attorney's fees incurred herein, costs, and for such other and further relief as is determined to be just and proper.

## Count 5
## False Arrest

59)     Plaintiff repeats and re alleges Paragraphs 1 through 34.

60)     Plaintiff was wrongfully detained and arrested.   He was physically deprived of his freedom of movement, his liberty, and his right to privacy as guaranteed by the Federal and State constitutions.

61)     Plaintiff was wrongfully restrained in his movements by Defendants Perez and the other defendant City of Miami police officers.

62)      All individual Defendants, whether named or unidentified,   and other City of Miami police officers were without probable cause, arguable probable cause or any lawful justification to arrest Plaintiff, or to restrain his freedom or detain him in any fashion.

63)     Plaintiff has suffered damages as a direct result of his wrongful arrest including but not limited to physical injury and discomfort, mental suffering, embarrassment, humiliation, injury to his feelings and reputation, lost wages, and or income, the expenses of posting bail, and the costs of hiring an attorney.

WHEREFORE Plaintiff demands Judgment against all individual Defendants for compensatory damages, costs, and for such other relief as the Court deems just and proper.

## <u>Count 6</u>
## <u>Battery</u>

64)     Plaintiff re-alleges paragraphs 1 through 34 above, and incorporates them into this Count.

65)     All individual Defendants, whether named or unknown, and other City of Miami police officers  intentionally inflicted harmful or offensive contact upon Plaintiff before, during or after he was arrested.

66). The violent attack on Plaintiff by all individual Defendants, whether named or unknown, was excessive and unreasonable under the facts and circumstances, even if there was probable cause or arguable probable cause to arrest Plaintiff.

67)  All individual Defendants, whether named or unidentified, were  acting within the course and scope of their  employment, and were  further acting in bad faith, with malicious purpose, and/or in a manner exhibiting wanton and willful disregard of human rights, safety and/or property when attacking Plaintiff.

68)     As a direct and proximate result of the wrongful acts of all individual Defendants, whether named or unknown, and other City of Miami police officers as alleged, Plaintiff has suffered damages including but not limited to physical injury and discomfort, mental suffering, embarrassment, humiliation, medical expenses and injury to his feelings and reputation.

WHEREFORE Plaintiff demands Judgment against all individual Defendants for compensatory damages, costs, and for such other relief as the Court deems just and proper.

SIGNATURE PAGE FOLLOWS

Alexandre  v. City of Miami, et. al.
Complaint
Page 14 of 14

Dated this  14th    day of July, 2016.

DeFABIO and FENN, P.A.
4000 Ponce De Leon Blvd. Suite 470
Coral Gables, FL. 33146
(305) 448-7200
lfenn@defabioandfennpa.com

Attorneys for Plaintiff

By:____/s/ Leonard P. Fenn_____

LEONARD P. FENN, ESQ.
F.B.N. 237337


SIGNATURE PAGE
ALEXANDRE V. CITY OF MIAMI, ET AL