UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-23064-GAYLES

**FRANCOIS ALEXANDRE,**
              **Plaintiff,**

     v.

**CITY OF MIAMI, et al.,**
              **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants City of Miami and Rodolfo Llanes' Motion to Dismiss [ECF No. 14]. The Court has carefully considered the Complaint, the briefs, and the applicable law, and is otherwise fully advised in the premises.

In this action, Plaintiff Francois Alexandre brings federal and state law claims against the Defendants—the City of Miami, its Chief of Police Rodolfo Llanes, and several individual City of Miami police officers—arising from an alleged wrongful attack and false arrest that occurred in Miami on June 21, 2013. In Counts 1 through 3 of his Complaint, Alexandre alleges claims pursuant to 42 U.S.C. § 1983 for unlawful arrest, excessive force, and violation of his First Amendment rights. In Counts 5 and 6, he alleges claims pursuant to state law for false arrest and battery.

Count 4 is the subject of the Defendants' Motion. The Complaint designates Count 4 as "Claim Against City," but includes no heading that designates the cause of action asserted, as Alexandre does in the other counts. The allegations contained within that Count read as supporting a claim for failure to train/supervise against both the City of Miami and Chief Llanes. In their Motion, the Defendants argue that "[s]ince the allegations are made against Defendant Llanes individually, it is unclear whether County 4 was intended to assert a claim against Defendant Llanes or exclusively against the City of Miami." Defs.' Mot. at 2. The Complaint does not state whether Chief Llanes is being sued in his personal or official capacity. In Alexandre's response

to the Defendants' motion, he concedes that Defendant Llanes is being sued in his *representative* capacity as Chief of Police of the City of Miami, and thus not in his individual capacity. *See* Pl.'s Opp'n at 2.

"[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.' Such suits against municipal officers are therefore, in actuality, suits against the city that the officer represents." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (footnote, citations, and internal quotation marks omitted). "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity receives notice and an opportunity to respond)." *Id.* Thus, Count 4 (or any other claims), to the extent they are brought against Chief Llanes in his representative capacity, must be dismissed.[1] Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) the Defendants' Motion to Dismiss [ECF No. 14] is **GRANTED IN PART**;

(2) all claims against Defendant Roberto Llanes in his official capacity as Chief of Police of the City of Miami are **DISMISSED WITH PREJUDICE**;

(3) the Motion is otherwise **DENIED**. Count 4 shall remain as to Defendant the City of Miami; and

(4) the City shall **ANSWER** the Plaintiff's Complaint by **September 13, 2016**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of August, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] The Court has considered the Defendants' argument that Count 4 violates Rule 10(b) and finds it to be without merit.

2